Edward S. Silver, J.
Petitioner is the niece of the testator. In January, 1961, she and testator entered into an antenuptial agreement in which testator agreed to bequeath $25,000 to her. Testator and petitioner were thereafter married in accordance with the rites of the Jewish faith. In January, 1962, the marriage was annulled, the judgment awarding petitioner alimony. Testator died in April, 1965. Petitioner filed objections to probate of his will. Her objections were dismissed on the ground she was not a person interested in the probate proceeding. In April, 1966, petitioner sought a construction of the will. The court declined to entertain the petition inasmuch as the will was wholly unambiguous insofar as petitioner was concerned. The will does not contain the bequest of the $25,000 agreed to in the antenuptial agreement.
Petitioner moves to compel the executors to render and settle their account. She asserts she is a creditor of the estate because of the antenuptial agreement and also because of unpaid alimony. The executors dispute the enforcibility of the agreement and claim the alimony was paid. In response petitioner states she rejected the tender of the alimony after this proceeding was commenced on the ground that the tender did not include interest.
*541 The court construes the filing of the petition, based on the said claims of the petitioner, to be a sufficient presentation of the claims of which the executors had previous knowledge, and the executors’ answer to the petition to be a sufficient rejection of the claims within the intendment of section 208-a of the Surrogate’s Court Act.
Petitioner’s application is granted unless within 10 days after service of the copy of the order to be made herein the executors serve and file an amended answer in accordance with the second unnumbered paragraph of section 211-a of the Surrogate’s Court Act. In the event the executors are advised not to take advantage of the provisions of section 211-a of the Surrogate’s Court Act to effect a speedy disposal of the claims, they are directed to file their account within 60 days after service of order to be made herein together with a petition for its judicial settlement and to proceed diligently to obtain jurisdiction over all necessary parties.